UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiff(s),

  v.

MICHAEL D. PARAYNO,

    Defendant(s).

_____/

No. C 12-1704 PJH

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court has reviewed Magistrate Judge Spero's Report and Recommendation ("report") re plaintiff's motion for default judgment, as well as plaintiff's objections to the report. In its objections, plaintiff J&J Sports Productions, Inc. ("plaintiff") objects to three specific findings of Judge Spero's report: (1) the award of damages being made under 47 U.S.C. § 553, rather than 47 U.S.C. § 605; (2) the $4,000 award of statutory damages; and (3) the denial of enhanced damages.

As to the first issue, the court notes that the report provides extensive support for the idea that, where the method of interception is unknown, section 553 should be applied rather than section 605 because "cable boxes are more easily hidden and more likely to be the source of transmission. J&J Sports Productions, Inc. v. Basto, 2011 WL 2197756 at *3 (N.D. Cal. June 6, 2011). The report also noted that at least one other case has found that, if plaintiff wanted to prove a violation of section 605, it could have filed a third-party subpoena or requested an order for inspection. In short, plaintiff does not provide any arguments that were not already considered by Judge Spero, and because the court agrees with the reasoning of the report, plaintiff's objection to the recommendation to award damages under section 553 is OVERRULED.

As to both issues (2) and (3), plaintiff argues that the recommended damages awards do not adequately address deterrence, which plaintiff argues is the "primary goal" of

1

damage awards for piracy.  And specifically as to issue (3), plaintiff argues that Judge Spero did not adequately consider the effect of the cover charge in this case, which plaintiff argues is the "hallmark consideration of enhanced damages."

Plaintiff is correct that a number of the cases cited in the report did not involve a cover charge.  However, the report does cite to a case involving the same defendant, who charged a higher cover charge than was charged in this case, had more patrons in attendance than were in attendance in this case, and who evaded paying a higher licensing fee than the licensing fee in this case.  J&J Sports Productions, Inc. v. Parayno, 2012 WL 3277279 (N.D. Cal. Aug. 10, 2012).  In that case, no enhanced damages were awarded.  And even more crucially, the interception at issue in this case actually occurred before the interception at issue in the already-decided Parayno case.  Thus, if enhanced damages were not warranted in that case, they are even less warranted in this case, because any arguments that defendant is a repeat offender who needs to be deterred are inapplicable in this specific case.  And given the lower cover charge, number of patrons, and licensing fee in this case, the court finds no justification for awarding enhanced damages after such damages had already been denied in the other Parayno case.

Accordingly, the court OVERRULES plaintiff's objections to Judge Spero's report and ADOPTS it in every respect.  The court finds the report correct, well-reasoned, and thorough, and adopts it in every respect.  Accordingly, plaintiff's motion for default judgment is GRANTED as to plaintiff's claim under 47 U.S.C. § 553 and its claim for conversion.  Plaintiff is awarded $4,000 in statutory damages under section 553, and $1,200 for his conversion claim.  Plaintiff's claims under 47 U.S.C. § 605 and Cal. Bus. & Prof. Code § 17200 are DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: February 19, 2013

PHYLLIS J. HAMILTON
United States District Judge